[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13815
Non-Argument Calendar

_____

D.C. Docket No. 8:04-cr-00167-JSM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL EUGENE HARDY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 22, 2021)

Before JORDAN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Michael Hardy appeals his sentence of 11 months' imprisonment to be followed by 3 years' supervised release, following the revocation of his supervised release. He argues that the imposition of an additional three-year term of supervised release is substantively unreasonable in light of the totality of the circumstances. After review, we affirm.

## I.    Background

In 2005, Hardy pleaded guilty to possession of ammunition by a convicted felon and distribution of five grams or more of cocaine base.[1] He was sentenced to 15 years' imprisonment, followed by 8 years' supervised release.[2] His supervised release commenced on May 18, 2018. In February 2019, Hardy admitted to, and was found guilty of, violating the terms of his supervised release based on a positive drug test for cocaine and his failure to comply with the home detention program. He was sentenced to a term of eight months' imprisonment, followed by five years of supervised release.

---

[1] According to Hardy's presentence investigation report these charges stemmed from the following conduct. In September 2003, in exchange for a small sum of money, Hardy drove another individual to a drug transaction and that individual sold $1,600 worth of cocaine to an undercover officer. And in December 2003, Hardy, who had previously been convicted of multiple felonies, was pulled over in a routine traffic stop and admitted to the officer that he had an ammunition magazine in the car that he had "found . . . at the club."

[2] Hardy's guidelines range was 262 to 327 months' imprisonment, and the possession of ammunition by a convicted felon charge carried a mandatory-minimum term of 15 years' imprisonment.

Hardy's new term of supervised release commenced on March 26, 2020. In June 2020, Hardy's probation officer filed a petition for revocation of his supervised release based on three counts of positive drug tests (cocaine) and one count of failing to complete drug aftercare. Hardy admitted to, and was found guilty of, all four counts. The applicable guidelines range was 8 to 14 months' imprisonment, while the statutory maximum was 5 years' imprisonment and 8 years' supervised release. Hardy's counsel requested a sentence of 11 months' imprisonment with no supervised release, arguing that Hardy had already served the "better part" of the original 15-year sentence and was not a good candidate for supervision, because of his lifelong battle with drugs and his being "essentially homeless." The government requested a sentence of eight months' imprisonment, followed by five years' supervised release, arguing that additional supervised release was necessary for Hardy to receive needed drug treatment and reintegrate successfully into society. The district court asked Hardy's probation officer his opinion regarding supervised release, and the probation officer stated that he believed supervised release could "offer [Hardy] some assistance if given enough time to work" and "increase [Hardy's] longevity." Hardy, who was 54 years' old at the time of hearing, explained that he had been on probation or in prison since around the age of 18, and he just wanted to be free so that he could leave Florida and "see the world." The district court stated that it was "going to take a chance on

3

[Hardy]" and sentenced him to 11 months' imprisonment, followed by three years of supervised release (which included conditions that Hardy reside at a residential reentry center for 180 days and participate in substance abuse programs). The district court explained that, in imposing the sentence, it considered the 18 U.S.C. § 3553(a) sentencing factors, the guidelines, and the policy statements issued by the United States Sentencing Commission. This appeal followed.

## II.    Discussion

Hardy argues that the three year term of supervised release is substantively unreasonable in light of the § 3553(a) sentencing factors and the goals of sentencing. He maintains that, in light of his lifelong cocaine use, he is unlikely to ever overcome his addiction and continuing to impose terms of supervised release is setting him up for failure and continued incarceration. Further, the original 15-year sentence he received and has largely served is more than adequate punishment, considering his minimally culpable conduct that lead to the original charges, such that continued supervised release does not serve the goals of sentencing.

We review a sentence imposed upon revocation of supervised release for reasonableness, applying a deferential abuse-of-discretion standard. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014); *see also Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020) (holding that a criminal defendant

4

preserved the issue of the substantive reasonableness of his sentence for review by advocating for a less severe sentence). We will "vacate the sentence if, but only if, we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)). The party who challenges the sentence bears the burden of showing that the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court may, after considering certain factors in § 3553(a), revoke a defendant's supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). The factors the court must consider in sentencing a defendant after a revocation of supervised release include: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence to deter criminal conduct, protect the public from the defendant's further crimes, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the sentencing guidelines range; (4) any pertinent policy statement; (5) the need to avoid unwarranted sentence disparities among similarly situated defendants; and

(6) the need to provide restitution to victims of the offense.  See 18 U.S.C. §§ 3553(a) and 3583(e).  The weight given to any § 3553(a) factor is a matter committed to the discretion of the district court.  *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).  When imposing a sentence, the district court may include another term of supervised release.  *See* 18 U.S.C. § 3583(a); U.S.S.G. § 5D1.1(b) ("The court may order a term of supervised release to follow imprisonment in any other case.").

The district court did not abuse its discretion in imposing a three-year term of supervised release as part of Hardy's sentence.  The district court expressly stated that it considered the § 3553(a) factors in reaching its decision, and the record reflects that the court considered the need for Hardy's sentence to reflect his personal characteristics, provide just punishment, and provide him with needed drug treatment.  We also note that the advisory Sentencing Guidelines provide that a term of supervised release "is highly recommended" where the defendant is, like Hardy "an abuser of controlled substances."  *See* U.S.S.G. § 5D1.1 cmt. (n.3(c)).

Moreover, Hardy's sentence is within the applicable guidelines range and is below the statutory maximum, which are both indicators of reasonableness.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect [such a sentence] . . . to be reasonable." (alteration adopted and

6

quotation omitted)); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that a sentence that is below the statutory maximum is another indicator of reasonableness).  Accordingly, although we are sympathetic to Hardy's history and situation, we conclude the sentence is substantively reasonable and affirm.

**AFFIRMED.**